**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOBO SIMKIN, individually and on behalf of those similarly situated, | Case No. 1:21-cv-07177-JPO |
| Plaintiffs, | ECF Case |
| v. | |
| PUFF BAR, | |
| Defendants. | |

## DEFENDANT PUFF BAR'S BRIEF IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

RELEVANT FACTUAL ALLEGATIONS .................................................. 2

ARGUMENT ........................................................................................... 5

I.      LEGAL STANDARD ..................................................................... 5

        A.      Rule 12(b)(1) ...................................................................... 5

        B.      Rule 12(b)(2) ...................................................................... 5

        C.      Rule 12(b)(6) ...................................................................... 6

II.     THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT
        PUFF BAR .................................................................................... 7

        A.      Plaintiff Fails to Establish General Personal Jurisdiction ....................... 7

        B.      This Court Lacks Specific Jurisdiction Over Puff Bar ......................... 8

                1.      Plaintiff Does Not Plead Facts Supporting Specific Personal
                        Jurisdiction .............................................................. 8

                2.      Plaintiff's Threadbare Facts About Defendant's Business Activities
                        Are Incorrect ........................................................... 10

        C.      The Fourteenth Amendment's Due Process Clause Prohibits A Finding of
                Personal Jurisdiction So The Complaint Must Be Dismissed ............. 11

III.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S MAGNUSON-
        MOSS WARRANTY ACT CLAIM .................................................. 12

IV.     COUNTS II, III, AND IV FAIL TO STATE A PLAUSIBLE CLAIM ........................ 14

        A.      A Reasonable Person Standard Applies to All Three Counts. ............... 14

        B.      No Reasonable Consumer in a Reasonable Circumstance Would Be
                Deceived by The Puff Bar Packaging .................................. 16

CONCLUSION ...................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*,
 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018)...........................................................................9

*Art Assure Ltd., LLC v. Artmentum Gmbh*,
 2014 WL 5757545 (S.D.N.Y. Nov. 4, 2014)...........................................................................8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...............................................................................................................6

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
 902 F.2d 194 (2d Cir. 1990)........................................................................................5, 6, 10

*Best Van Lines, Inc. v. Walker*,
 490 F.3d 239 (2d Cir. 2007)...............................................................................................9, 11

*Chavis v. Fid. Warranty Servs.*,
 415 F. Supp. 2d 620 (D.S.C. 2006).....................................................................................13

*Chen v. Dunkin' Brands, Inc.*,
 954 F.3d 492 (2d Cir. 2020)...........................................................................................14, 15

*Computer Assocs. Int'l v. Altai, Inc.*,
 126 F.3d 365 (2d Cir. 1997)..................................................................................................11

*Daimler AG v. Bauman*,
 571 U.S. 117 (2013)............................................................................................................7, 8

*Devane v. L'Oréal USA, Inc.*,
 2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020)......................................................................18

*Ebin v. Kangadis Food Inc.*,
 2013 WL 3936193 (S.D.N.Y. July 25, 2013) ................................................................13, 14

*Engram v. GSK Consumer Healthcare Holdings (US) Inc.*,
 2021 WL 4502439 (E.D.N.Y. Sept. 30, 2021) ...............................................................17, 18

*Fitzpatrick v. Vital Pharms., Inc.*,
 2021 U.S. Dist. LEXIS 106402 (S.D. Fla. June 4, 2021) .....................................................15

*Gaymar Indus v. FirstMerit Bank, N.A.*,
 2007 WL 894217 (W.D.N.Y. Mar. 21, 2007)........................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ..........................................................................................7, 8

*Jager v. Boston Rd. Auto Mall, Inc.*,
    2015 WL 235342 (S.D.N.Y. Jan 15, 2015) ......................................................13

*Licci v. Lebanese Can. Bank, SAL*,
    20 N.Y.3d 327 (2012) ......................................................................................9

*Lieb v. Am. Motors Corp.*,
    538 F. Supp. 127 (S.D.N.Y. 1982) .............................................................13, 14

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020) ............................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................5

*MacDougall v. Am. Honda Motor Co.*,
    2017 WL 8236359 (C.D. Cal. Dec. 4, 2017) .................................................13

*Mantikas v. Kellog Co.*,
    910 F.3d 633 (2d Cir. 2018) .......................................................................16, 17

*Milich v. State Farm Fire & Cas. Co.*,
    2012 WL 4490531 (E.D.N.Y. Sept. 28, 2012) ........................................6, 14, 15

*Millennium Communs. & Fulfillment, Inc. v. Off. of the AG, Dep't of Legal Affairs*,
    762 So.2d 1256 (Fla. Dist. Ct. App. 2000) ....................................................15

*Newton v. Kraft Heinz Foods Co.*,
    2018 WL 11235517 (E.D.N.Y. Dec. 18, 2018) ......................................6, 15, 18

*Podpeskar v. Dannon Co., Inc.*,
    2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) .................................................14

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) ............................................................................5, 10

*Royalty Network, Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009) ...................................................8, 9, 10, 11

*Three Five Compounds, Inc. v. Scran Techs., Inc.*,
    2011 WL 5838697 (S.D.N.Y. Nov. 21, 2011) ..............................................11, 12

*Toback v. GNC Holdings, Inc.*,
    2013 U.S. Dist. LEXIS 131135 (S.D. Fla. Sep. 13, 2013) ..............................18

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)...............................................................................5, 6

*Winston v. Hershey Co.*,
    2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020)...........................................6, 7, 15, 18

**Statutes**

15 U.S.C. § 2310(d)(3) ................................................................................................12, 13

Class Action Fairness Act...........................................................................................12, 13, 14

Florida Deceptive and Unfair Trade Practices Act ........................................................5, 14, 15, 18

Moss-Magnusson Warrant Act .............................................................................. *passim*

New York General Business Law § 349 .........................................................................4, 14, 17

New York General Business Law § 350 .........................................................................4, 14, 17

**Other Authorities**

N.Y. C.P.L.R. §302(a) .................................................................................................11

Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(2) and 12(b)(6) ...............................1, 5, 6

Defendant Puff Bar ("Defendant" or "Puff Bar"), by and through its undersigned counsel, respectfully submits this brief in support of its motion to dismiss the Amended Complaint ("Complaint" or "Compl.") of Plaintiff Jacobo Simkin ("Plaintiff"), pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, personal jurisdiction and failure to plead plausible claims.

## PRELIMINARY STATEMENT

Plaintiff's Complaint should be dismissed for myriad reasons. First, Puff Bar, a California-based corporation, lacks sufficient minimum contacts with the State of New York to warrant this Court's exercise of personal jurisdiction over it. As set forth in the accompanying declaration of Nick Minas, Puff Bar only ever sold the Puff Bar Plus products at issue directly to consumers through its online retail website during the relevant time period alleged in Plaintiff's Complaint, and not through wholesalers that distributed the Puff Bar Plus products to retail stores. Yet, Plaintiff only alleges in the Complaint that he ever purchased the Puff Bar Plus products at issue in physical retail stores in New York and Florida. Puff Bar never transacted business in New York or otherwise purposefully availed itself of the privilege of conducting transactions in New York. Thus, Plaintiff not only fails to establish sufficient minimum contacts between Puff Bar and this jurisdiction, but also fails to establish that this action arose from Puff Bar's transactions in the jurisdiction. Plaintiff fails to establish personal jurisdiction over Puff Bar, and the complaint must be dismissed for that reason alone.

Second, Plaintiff fails to establish this court's subject matter jurisdiction over his Moss-Magnusson Warrant Act ("MMWA") cause of action because he fails to satisfy the statute's pleading requirements. Under the MMWA, as interpreted by courts within this Circuit, Plaintiff

1

was required to identify and plead the names of 100 class members to invoke this Court's jurisdiction. He failed to do so.

Third, Plaintiff fails to plead a plausible claim for relief under any of the statutes upon which he relies, each of which requires some allegation of a deceptive, misleading, or false statement. Here, the Complaint alleges no statement made by Puff Bar that is misleading, let alone deceptive or false. Plaintiff's entire Complaint is based on his assertion that the Puff Bar Plus packaging was misleading because the packaging contained the marketing statements "800 puffs" and "Puffs: Up to 800," yet, Plaintiff alleges, he never was able to obtain 800 puffs from the products he purchased. No reasonable, ordinary consumer would conclude that these two statements—taken together as they must be—represent any guarantee, warranty or promise of *exactly* 800 puffs. Without any actionable misleading statement, all of Plaintiff's claims fail as a matter of law.

## RELEVANT FACTUAL ALLEGATIONS

Plaintiff is a New York resident who lived in Florida in 2020. Compl. ¶ 7. At some point during the first quarter of 2020, Plaintiff purchased an e-cigarette product called "Puff Bar Plus" from various retail stores in New York, New York; the exact number of purchases or time frame is not clear. *Id.* Plaintiff then relocated to Miami until August 2020, where he made an undisclosed number of additional purchases of the Puff Bar Plus product from retail stores located there. *Id.*

According to Plaintiff, Defendant Puff Bar marketed and sold the Puff Bar Plus product in New York. *Id.* ¶¶ 4, 9, 12. Puff Bar's principal place of business is in California. *Id.* ¶ 9; *see also* Declaration of Nick Minas ("Minas Decl."), ¶ 2. Puff Bar has never had any operations of any sort in New York or any other state other than California, including offices, stores, employees, inventory, sales representatives, or bank accounts. Minas Decl., ¶ 2. From February 21, 2020, through July 21, 2020, Puff Bar sold the Puff Bar Plus product exclusively through its own online

website, www.PuffBar.com, directly to consumers. *Id.* ¶ 3.  Likewise, Puff Bar marketed the Puff Bar Plus product only through its website, social media, and email advertising to customers opting into email correspondence. *Id.* ¶ 6  Puff Bar did not engage in any sales of Puff Bar Plus products to wholesalers who could have, in turn, sold the products to brick-and-mortar retailers in states such as New York and Florida. *Id.* ¶ 3.  Puff Bar did not act as a manufacturer or distributor of any Puff Bar product, including the Puff Bar Plus. *Id.*  After July 21, 2020, Puff Bar halted sales of all of its products. *Id.* ¶ 4.  At no point between February 21, 2020 and July 21, 2020, did Puff Bar ever sell the Puff Bar Plus product in any physical retail store in New York or elsewhere in the United States. *Id.* ¶ 5.[1]

The Puff Bar Plus product that plaintiff purchased contained a statement on the front of the packaging in normal (i.e., lacking any emphasis) font of "800 Puffs."  Compl. ¶ 13.  On the back of the same packing, there is the statement "Puffs: Up to 800."  *Id.*  Plaintiff includes in the Complaint an image of the packaging as follows:

---

[1]      Puff Bar is not the only entity that sold a Puff Bar Plus product; other entities sold the Puff Bar Plus product under a license from DS Technology Licensing, LLC, including multiple entities that distributed Puff Bar Plus products through wholesalers to brick and mortar stores. *Id.* ¶¶ 7-8. And many other entities, including retail stores, have sold and continue to sell counterfeit Puff Bar products. *Id.* ¶ 9.



*Id.*

According to Plaintiff, the Puff Bar Plus product he used did not provide him with 800 puffs. *Id.* ¶ 8. Despite this, Plaintiff continued to purchase the Puff Bar Plus product for some time. *Id.* Plaintiff alleges that these statements on the Puff Bar Plus product packaging violate The Magnuson-Moss Warranty Act (Count I), New York General Business Law §§ 349 & 350

(Counts II-III), and the Florida Deceptive and Unfair Trade Practices Act (Count IV).  Plaintiff brings each of these claims on behalf of himself and various proposed classes of unnamed individuals, and seeks an undefined amount of compensatory and punitive damages, and other relief.  *Id.* ¶ 6, *see also id.*, Prayer for Relief.

## ARGUMENT

## I.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction if the "district court lacks the statutory or constitutional power to adjudicate the matter.  *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 237 (S.D.N.Y. 2020) (citation omitted).  A facial attack on jurisdiction is "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Id.* (quoting *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)).  The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B.    Rule 12(b)(2)

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction the burden is on the plaintiff to establish that jurisdiction exists.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).  In this Circuit, when personal jurisdiction is challenged before discovery occurs, the plaintiff must make a *prima facie* showing of jurisdiction based on the allegations in the pleadings.  *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) ("A plaintiff can make this showing through his own affidavits and supporting materials, containing an averment of facts

that, if credited, would suffice to establish jurisdiction over the defendant." (cleaned up)).  "If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence."  *Ball*, 902 F.2d at 197.

"In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state, in this instance New York."  *Whitaker*, 261 F.3d at 208 (citation omitted).  "If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process."  *Id.* (citation omitted).

### C.   Rule 12(b)(6)

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The plaintiff has an obligation to provide more than just labels and conclusions as the grounds that entitle him to relief.  *Milich v. State Farm Fire & Cas. Co.*, 2012 WL 4490531, at *2 (E.D.N.Y. Sept. 28, 2012) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)), *aff'd*, 513 F. App'x 97 (2d Cir. 2013).  The court need not accept allegations as true when they "are merely conclusory, unwarranted deductions of fact, or unreasonable inference."  *Newton v. Kraft Heinz Foods Co.*, 2018 WL 11235517, at *2 (E.D.N.Y. Dec. 18, 2018) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  The court also need not credit any "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  *Winston v. Hershey Co.*, 2020 WL 8025385, at *1, 5 (E.D.N.Y. Oct. 26, 2020) (quoting *Iqbal*, 566 U.S. at

678).  In making this determination, the court is generally confined to allegations made within the four corners of the complaint.  *Id.*

## II.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT PUFF BAR

Plaintiff fails to plead allegations supporting the exercise of personal jurisdiction over Defendant Puff Bar, a Glendale, California corporation.  Compl. ¶ 9.  Plaintiff's Complaint includes only two superficial allegations related to personal jurisdiction:

> At all relevant times herein, Puff Bar purposefully marketed and sold its products to citizens of the State of New York and Florida.

*Id.*

> This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business activities in this State.

*Id.* ¶ 11.

These conclusory assertions that Defendant has "marketed and sold" its products and has "conduct[ed] business" in New York are insufficient to support personal jurisdiction, and more importantly, as noted below, are factually wrong.  Plaintiff thus fails to carry his burden of making a *prima facie* showing to establish personal jurisdiction.

### A.   Plaintiff Fails to Establish General Personal Jurisdiction

General personal jurisdiction does not exist here.  *See generally Daimler AG v. Bauman*, 571 U.S. 117 (2013).  Plaintiff's conclusory assertions of jurisdiction do not support the exercise of general jurisdiction.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (holding that a court may only assert general jurisdiction when a party's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.").  Defendant is based in California, with no physical presence, offices, stores, employees,

7

sales representatives, inventory, or bank accounts in New York; there are no allegations that defendant had the requisite "continuous and systematic" contacts in New York such that the state can be regarded as home.  *See id.* at 916 (holding that transactions with the state must be "so continuous and systematic" that defendant is essentially at home in the state); *Daimler AG*, 571 U.S. at 122.  Thus, there can be no exercise of general jurisdiction over defendant.

**B.**     **This Court Lacks Specific Jurisdiction Over Puff Bar**

1.    *Plaintiff Does Not Plead Facts Supporting Specific Personal Jurisdiction*

The Complaint lacks the necessary, non-conclusory allegations to warrant exercise of specific personal jurisdiction over Puff Bar.  Plaintiff alleges only that "Puff Bar purposefully marketed and sold its products to citizens of the State of New York and Florida" and that "[t]his Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business activities in this State."  Compl. ¶¶ 9, 11. These are threadbare allegations that do not sufficiently establish specific jurisdiction over Defendant. *Art Assure Ltd., LLC v. Artmentum Gmbh*, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (citing *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998), which holds that the court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Specific jurisdiction requires a showing both that: (1) the nondomiciliary defendant purposefully availed himself of the privilege of conducting transactions within New York; and (2) the plaintiff's claims arise out of or relate to a transaction of the business.  *See* N.Y. Civil Practice Law and Rules ("CPLR") § 302(a)(1); *Royalty Network, Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 417-18 (S.D.N.Y. 2009).  The first prong, purposeful availment, requires more than just "random, fortuitous, or attenuated contacts."  *Royalty Network, Inc.*, 638 F. Supp. 2d at 418 (citation omitted).  Defendant must engage in purposeful activities through volitional acts that convey the benefits and privileges of conducting activities in the State, and thus invoke "the

8

benefits and protections" of New York's laws.  *Id*.  The second prong requires that the claim arise

from and relate to defendant's transactions in the forum.  *Best Van Lines, Inc. v. Walker*, 490 F.3d

239, 246 (2d Cir. 2007) (explaining that there must be a substantial relationship between the

transaction and the claim asserted); *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 340 (2012)

(explaining that "the 'arise-from' prong limits the broader 'transaction-of-business' prong to

confer jurisdiction only over those claims in some way arguably connected to the transaction").

Plaintiff fails to establish either prong.

Plaintiff fails to plead sufficient, plausible facts showing that Puff Bar purposefully

engaged in sufficient activity within New York to invoke the privileges or protections of the forum.

Plaintiff alleges in conclusory fashion that Puff Bar "purposefully marketed and sold" its products

in New York, but he fails to support that allegation in any way.  Plaintiff alleges that he purchased

Puff Bar Plus from various *retail* stores in New York, Compl. ¶ 7, but, as noted above, as a factual

matter, Puff Bar never sold or distributed the Puff Bar Plus products other than directly to

consumers, not to distributors or wholesalers that could have, in turn, sold the product to retail

outlets in New York.  And Plaintiff's only allegations that arguably concern marketing involve

statements on Puff Bar's website—but those statements were viewed by Plaintiff after the period

in which he was allegedly harmed by the Puff Bar Plus product.[2]  None of this shows that defendant

---

[2]     And because Plaintiff's claim does not arise or relate to any transaction conducted through
the Puff Bar website, the mere fact that Puff Bar may have operated a website at some time that
Plaintiff could access does not support the conclusion that Puff Bar transacted business in New
York, particularly given that Plaintiff does not allege he made any purchases from the website.
*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, *4 (S.D.N.Y. Apr. 30, 2018)
(holding that "[e]ven the existence of an interactive 'patently commercial' website that can be
accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction
unless some degree of commercial activity occurred in New York" (citation omitted)); *Royalty
Network*, 638 F. Supp. 2d at 419 (holding that the court need not make any determinations as to
whether website activity was sufficient to amount to business transactions because "Royalty
provides no evidence that any New York resident actually engaged in any such transactions—e.g.,

engaged in purposeful activity in New York.  *Robinson. v. Overseas Military Sales Corp.*, 21 F.3d

at 502, 507 (2d Cir. 1994); *Royalty Network*, 638 F. Supp. 2d at 422 (concluding that Royalty's

allegations and supporting evidence, which consisted of defendant's operation of a website that

transacted business, "were inadequate to support the inference of a purposeful attempt to take

advantage of the New York market")  And without plausibly allegations of sufficient purposeful

activities by Puff Bar in New York, Plaintiff necessarily cannot show the second prong of

jurisdiction under § 302(a)(1).

2. *Plaintiff's Threadbare Facts About Defendant's Business Activities Are Incorrect*

Not only are Plaintiff's allegations insufficient to plausibly establish jurisdiction over Puff

Bar, they are also wrong.  Defendant is submitting the declaration of Nick Minas, Puff Bar CEO,

to show that: (1) Puff Bar did not conduct any sales in 2020 other than directly to consumers, and

not through distributors or wholesalers who could, in turn, have sold the products downstream to

retailers who sold to Plaintiff; and (2) Puff Bar did not and does not maintain retail stores or target

New York specifically in any marketing.  (*See generally* Declaration of Nick Minas ("Minas

Decl."), dated November 1, 2021)  Thus, Plaintiff and cannot establish that Puff Bar purposefully

engaged in business transactions in New York, much less that Plaintiff's claims arise out of or

relate to that business.[3]

---

registered with the website or downloaded material from it--or that defendants did anything to indicate their knowing and purposeful transaction with New York visitors.").

[3]      At minimum, a hearing is warranted to resolve this dispute on jurisdictional facts.  *Ball*, 902 F.2d at 197.

**C.**     **The Fourteenth Amendment's Due Process Clause Prohibits A Finding of Personal Jurisdiction So The Complaint Must Be Dismissed**

Regardless of whether Plaintiff has established jurisdiction under § 302(a)(1), any exercise of jurisdiction over Puff Bar would *not* be "compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution." *Best Van Lines,* 490 F.3d at 242; *Computer Assocs. Int'l v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997) (reiterating that even if personal jurisdiction under C.P.L.R. §302(a) was allowed, the Due Process Clause limits it to defendants who have minimum contacts with the forum state); *Royalty Network*, 638 F. Supp. 2d at 417 (citing *Best Van Lines*, 490 F.3d at 242). The Fourteenth Amendment requires that a "defendant's conduct and connection with the forum state [be] such that he should reasonably anticipate being haled into court there." *Three Five Compounds, Inc. v. Scran Techs., Inc.*, 2011 WL 5838697, at *6 (S.D.N.Y. Nov. 21, 2011); *Computer Assocs. Int'l.*, 126 F.3d at 370; *Gaymar Indus v. FirstMerit Bank, N.A.*, 2007 WL 894217, at *5 (W.D.N.Y. Mar. 21, 2007); *Royalty Network*, 638 F. Supp. 2d at 423-24. "New York courts thus look for 'tangible manifestations' of a defendant's intent to target New York, or for 'concrete facts known to the nondomiciliary that should have alerted it' to the possibility of being brought before a court in the Southern District of New York." *Royalty Network.*, 638 F. Supp. 2d at 424.

Here, as noted above, Puff Bar did not engage in business activity that targeted New York. Moreover, Plaintiff does not allege, other than in a purely conclusory fashion, any tangible manifestations of Puff Bar's intent to target New York, nor any substantiated and concrete facts permitting Puff Bar to foresee any legal action here. There is nothing in the Complaint to demonstrate that Plaintiff was purchasing Puff Bar products directly from Defendant, or from its

website.[4]  Nor are there any plausible allegations showing that Puff Bar was providing its products to New York-based retail establishments.  Moreover, as the Minas Declaration shows, Puff Bar in fact did not conduct any business or targeted activity in New York.  Because Plaintiff fails to establish that Puff Bar targeted its activities specifically at New York such that it was serving the New York market and could reasonably expect the possibility of a cause of action there, due process prevents this Court from exercising jurisdiction over Puff Bar.

## III.  THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM

In Count I of the Complaint, Plaintiff alleges a violation of the Magnuson-Moss Warranty Act ("MMWA") based on the statements on the Puff Bar Plus packaging of "800 puffs" and "Puffs: up to 800." But this Court lacks subject matter jurisdiction over the MMWA claim because Plaintiff fails to plead the statutory requirements for such a claim.

As a threshold matter, although Plaintiff captions his MMWA claim as being brought individually and as a class action, Plaintiff only alleges a basis for MMWA jurisdiction under the Class Action Fairness Act ("CAFA").  The Complaint, however, fails to satisfy the jurisdictional requirements of the MMWA as set forth in 15 U.S.C. § 2310(d)(3):

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>     (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>     (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>     (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

---

[4]      To the extent Plaintiff has alleged that Defendant may have transacted business with New York via its website, there are no allegations showing that any such transactions had their "center of gravity inside New York." *Three Five Compounds, Inc.*, 2011 WL 5838697, at *4.

15 U.S.C. § 2310(d)(3).  Plaintiff specifically relies on subsection (d)(3)(C) and contends he satisfies it by bringing the claim under CAFA.  But plaintiff does not, as the statute requires, plead allegations under the MMWA for one hundred or more "*named* plaintiffs."  At most, Plaintiff asserts only broad, conclusory allegations that he represents every person who purchased a Puff Bar Plus product.  *See* Compl. ¶ 28.  But Plaintiff concedes: "[t]he precise number of members of the Classes and their identities are unknown to Plaintiff at this time . . . ."  *Id.* ¶ 33.  In short, Plaintiff fails to identify—let alone name—a single other plaintiff besides himself.  He thus fails to satisfy the unequivocal MMWA's jurisdictional threshold of 100 or more named plaintiffs in any class action.

Courts have held they lack jurisdiction under MMWA when a plaintiff fails to plead one hundred named parties.  *E.g., Lieb v. Am. Motors Corp.*, 538 F. Supp. 127, 132 (S.D.N.Y. 1982) (holding that complaint that fails to include one hundred named parties "is deficient measured against the explicit and unambiguous statutory mandate and must be dismissed as a class action"); *Jager v. Boston Rd. Auto Mall, Inc.*, 2015 WL 235342, at *4 (S.D.N.Y. Jan 15, 2015) (holding that despite invocation of CAFA, under the MMWA, "[n]o claim shall be cognizable in a suit brought under paragraph (1) (B) of this subsection—i.e., a suit brought under the MMWA in federal district court—unless the MMWA's independent jurisdictional requirements are met." (cleaned up)); *accord MacDougall v. Am. Honda Motor Co.*, 2017 WL 8236359, at *4 (C.D. Cal. Dec. 4, 2017) (same); *Chavis v. Fid. Warranty Servs.*, 415 F. Supp. 2d 620, 622-23 (D.S.C. 2006) (same).

Plaintiff's generalized invocation of CAFA does not change that result, as the *Jager* court explained: "[T]he contention that the Class Action Fairness Act creates an alternative basis for federal jurisdiction over Magnuson-Moss claims is incorrect."  2015 WL 235342, at *4; *Ebin v. Kangadis Food Inc.*, 2013 WL 3936193, at *4 (S.D.N.Y. July 25, 2013) (same).  When a class

13

action is the asserted basis for jurisdiction under MMWA, the pleading must satisfy the statutory

pleading requirements or be dismissed for lack of jurisdiction.  *Ebin*, 2013 WL 3936193 at *1.

Here, Plaintiff failed to comply with the jurisdictional requirements of the MMWA by

failing to name more than one hundred plaintiffs in his Complaint.  *Lieb*, 538 F. Supp at 132.  His

reliance on CAFA to circumvent the statutory requirements is unavailing.  As such, this court lacks

jurisdiction over the MMWA claim in Count I of the Complaint, and it should be dismissed.

## IV.     COUNTS II, III, AND IV FAIL TO STATE A PLAUSIBLE CLAIM

Plaintiff fails to plausibly plead a legally cognizable claim for a violation of New York

General Business Law ("GBL") § 349 and § 350 or a violation of Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA") § 501.204 because Plaintiff fails to identify any deceptive or

false statement.[5]

### A.     A Reasonable Person Standard Applies to All Three Counts.

All three statutes Plaintiff relies on in Counts II-IV require some type of deceptive,

misleading, or false statement or conduct, as viewed through the lens of a reasonable person.

Deceptive acts under New York GBL § 349 "are acts that are 'likely to mislead a reasonable

consumer acting reasonably under the circumstances.'"  *Chen v. Dunkin' Brands, Inc.*, 954 F.3d

492, 500 (2d Cir. 2020) (citation omitted).  To assert a claim under § 349, Plaintiff must allege that

Puff Bar engaged in objectively and materially misleading consumer-oriented conduct that harmed

Plaintiff.  *See Milich*, 2012 WL 4490531, at *5 (citing *City of New York v. Smokes-Spirits.com,

Inc.*, 12 N.Y.3d 616, 621 (N.Y. 2009)); *see also Podpeskar v. Dannon Co., Inc.*, 2017 WL

6001845, at *8 (S.D.N.Y. Dec. 3, 2017) (dismissing claim as too speculative where facts would

---

[5]      Although this Court lacks jurisdiction over plaintiff's MMWA claim in Count I of the
Complaint, even if it did have jurisdiction, Count I also should be dismissed for failure to state a
claim for the same reasons set forth in this section.

not be construed by reasonable consumer in manner plaintiff alleges).  The alleged misleading conduct must be viewed in context, in its entirety, and not in isolation.  *Winston*, 2020 WL 8025385, at *3.

Under New York GBL § 350, false advertising in the conduct of any business, trade or commerce is unlawful.  "False advertising in the conduct of any business, trade or commerce," is analyzed under the same "reasonable consumer" standard as § 349.  *Chen*, 954 F.3d at 500 (cleaned up).

FDUTPA § 501.204 covers "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204.  As with the GBL statutes, for a finding of deceptive practices under FDUTPA, "the plaintiff must show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances."  *Fitzpatrick v. Vital Pharms., Inc.*, 2021 U.S. Dist. LEXIS 106402, *10 (S.D. Fla. June 4, 2021) (citation omitted).  This is an objective standard as to whether a particular practice or act is likely to deceive a reasonable consumer.  *Id*; *Millennium Communs. & Fulfillment, Inc. v. Off. of the AG, Dep't of Legal Affairs*, 762 So.2d 1256, 1263 (Fla. Dist. Ct. App. 2000) (requiring showing of "deception of consumers *acting reasonably in the circumstances*, not just any consumers" (citation omitted) (emphasis added)).

Significantly, under all of these statutes, if a plaintiff fails to adequately allege facts showing that a reasonable consumer or ordinary person would be misled or deceived, dismissal as a matter of law is proper.  *See Milich*, 2012 WL 4490531, at *5 (GBL § 349); *Newton*, 2018 WL 1123551, at *2-3 (same); *Chen*, 954 F.3d at 500 (GBL § 350); *Fitzpatrick*, 2021 U.S. Dist. LEXIS 106402, at *10 (FDUTPA).

**B.**      **No Reasonable Consumer in a Reasonable Circumstance Would Be Deceived by The Puff Bar Packaging**

Plaintiff's claim for all Counts in the Complaint turns on two allegedly misleading or deceptive statements:  the statement on the front of the Puff Bar Plus packaging stating "800 Puffs," and the statement on the back of the same packaging of "Puffs: Up to 800."  Plaintiff alleges these statements are deceptive and misleading because he did not get exactly 800 puffs from the Puff Bar Plus products he purchased.  Plaintiff points to no other allegedly deceptive act or conduct.

Plaintiff's claims fail because no reasonable consumer would be misled or deceived by these statements into thinking that Puff Bar was guaranteeing a minimum of 800 puffs, as Plaintiff contends.   No reasonable consumer would understand the two statements to which Plaintiff points—"800 puffs" and "Puffs: Up to 800"—as a guarantee, let alone the guarantee that Plaintiff argues of *at least* 800 puffs.  This is because the Puff Bar Plus packaging, taken as a whole, includes a clear limitation that the product was capable of providing at most 800 puffs.  Such limiting language makes clear that this there is no guarantee or warranty of the exact number of puffs.  Merriam Websters' Dictionary *See* Up to, Merriam-Webster, (Online ed. 2021) (defining "up to" as "a function word to indicate a limit or boundary").

Plaintiff attempts to salvage his claims by citing, in a footnote, to *Mantikas v. Kellog Co.*, 910 F.3d 633, 637 (2d Cir. 2018), *cited in* Compl. ¶ 15 n.3.  Plaintiff argues that under *Mantikas*, "reasonable consumers are not 'expected to look beyond misleading representation on the front of the box' to cure a Defendant's misrepresentations."  Compl. ¶ 15, n.3.  Thus, Plaintiff says that the statement "Puffs: Up to 800" is irrelevant to whether the Puff Bar Plus packaging is misleading.  Plaintiff's interpretation and application of *Mantikas* is wrong.

The issue in *Mantikas* involved the statement "Whole Grain" in large bold print across the front of packaging for crackers; the plaintiff argued that this statement was likely to make a reasonable consumer believe that the crackers are predominantly made of whole grains, which was false.  *See Mantikas*, 910 F.3d at 638.  The *Mantikas* court permitted GBL §§ 349 and 350 claims to proceed, despite the fact that a consumer could review the ingredients to try to calculate the exact amount of whole grain in the crackers.  *Id.*  The *Mantikas* court reasoned that, under the circumstances there—with crackers necessarily being made of grain and thus the key issues to a consumer being the type of grain used and in what amount—no reasonable consumer should be required to verify the accuracy of the statements on the front of the box by reviewing the ingredients list on the back of the box.  *Id.* at 637-38.  Here, rather than crackers and grain, there are vape products and nicotine.  *Mantikas*'s reasoning does not apply to the ancillary statements on the product packaging, such as those relating to the number of puffs the product provides, and thus does not limit review of the alleged misleading statement only to that on the front of the Puff Bar Plus packaging.

Moreover, a court recently rejected the exact reading of *Mantikas* advanced by plaintiff here.  *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, 2021 WL 4502439, at *4 (E.D.N.Y. Sept. 30, 2021) ("Plaintiff's counsel went so far as to contend, at oral argument, that the 'context matters' directive, which runs so strongly through the consumer-deception cases of this Circuit, does not survive *Mantikas*—i.e., that context or clarification on the packaging may no longer be considered. . . . *This is not a correct statement of the law*" (emphasis added).).  "The Second Circuit, post-*Mantikas*, continues to consider context in 'determining whether a reasonable consumer would have been misled by a particular advertisement.'" *Id.* (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)).  Thus, in *Engram*, the court found the label,

which provided durational and descriptive language—"8 hour Moisture" and "SPF 15"— on the product packaging to be ambiguous, not misleading. *Id*. at *5. The court explained that the plaintiff's claim failed because it was not "too much to expect a reasonable consumer to review the directions." *Id*. Similarly, in *Winston*, the court rejected the argument that a reasonable consumer would only look at the front of the packaging that had the word "White" and be misled into believing that the product contained white chocolate. *Winston*, 2020 WL 8025385, at *3. In *Winston*, the court explained that a glance at the ingredient list confirmed that the product did not contain white chocolate. *Id*. at 9. And in *Devane*, another judge of this Court found that no reasonable consumer would be misled by the statement "Keratin Caring system" because the product did not list keratin in its ingredients. *Devane v. L'Oréal USA, Inc.*, 2020 WL 5518484, at *5 (S.D.N.Y. Sept. 14, 2020).

Here, the Puff Bar Plus packaging made clear that there was no guarantee of any specific number of puffs from the product. Indeed, the statements on the Puff Bar Plus packaging are clearer in this regard to the reasonable consumer than those at issue in *Engram*, *Winston* or *Devane*.[6] Regardless of whether Plaintiff himself misunderstood the statements on the packaging, it is clear that no reasonable consumer would understand the statements as Plaintiff alleges. *See Toback v. GNC Holdings, Inc.*, 2013 U.S. Dist. LEXIS 131135, at *16 (S.D. Fla. Sep. 13, 2013) (dismissing FDUTPA claim where allegations were merely that product was falsely advertised because it did not function as effectively as Plaintiff thought it would).

---

[6] Furthermore, Puff Bar is not required, as plaintiff intimates, to provide specific disclosures related to the "mechanical intricacies" of the product. Puff Bar has an obligation to provide a truthful label, which it did. *Newton*, 2018 WL 11235517, at *5 (holding that "[t]he statutory scheme imposes a truth-telling requirement, not an affirmative disclosure requirement.").

## **CONCLUSION**

For all of the above-stated reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated: November 1, 2021
       New York, New York

        _s/ Brian K. Steinwascher_
        Brian K. Steinwascher
        Eric N. Heyer, *pro hac vice pending*
        Thompson Hine LLP
        335 Madison Avenue, 12th Floor
        New York, New York 10017-4611
        Phone: 212-344-5680
        Fax: 212-344-6101
        Brian.Steinwascher@ThompsonHine.com
        Eric.Heyer@ThompsonHine.com

        *Attorneys for Defendant Puff Bar*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2021, I caused to be served on counsel of record, electronically via the Court's electronic filing system, a true and correct copy of Defendant Puff Bar's Brief in Support of Motion to Dismiss**.**

*/s/Brian K. Steinwascher*
Brian K. Steinwascher